## THE BOROUGH OF WARREN v. L. F. GEER.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 26, 1887—Decided October 3, 1887.

An act incorporating a borough gave to the council the express power to enact such by-laws and make such rules, regulations and ordinances as should be determined necessary to promote the peace, good order, benefit and advantage of said borough: *Held,*

1. That the council had power under such act and under the general borough act of April 3, 1851, P. L. 320, as well, to enact an ordinance requiring persons canvassing from house to house for the sale of books or pictures, shirts, clothing, groceries, etc., to obtain a license and pay a fee therefor, or, in default thereof, to be subjected to a fine.

2. That such an ordinance was not unreasonable as contrary to common right, nor was it in conflict with either the constitution of the United States or that of this commonwealth.

Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; MERCUR, C. J., and PAXSON, J., absent.

No. 177 July Term 1886, Sup. Ct.; court below, No. 120 December Term 1885, C. P.

This was an action in debt, originally before a justice of the

peace and on appeal in the Court of Common Pleas, by the burgess and town council of the borough of Warren, incorporated by act of April 3, 1832, P. L. 259, against L. F. Geer, in which the declaration complained:

For that whereas the said borough of Warren was duly incorporated by an act of the General Assembly of the commonwealth of Pennsylvania, under the name, style and title of the burgess and town council of the borough of Warren, and being so incorporated, the said borough of Warren did afterwards, upon application to the Court of Quarter Sessions of the county of Warren, become subject to the restrictions and possess the powers and privileges conferred by the act entitled ' An Act regulating the boroughs," approved the third day of April, 1851. And for that the said burgess and town council of the borough of Warren did afterwards enact, ordain and approve the following ordinance for the government of said borough, to wit:

SECT. 32. Every person canvassing from house to house in the borough of Warren for the purpose of selling or soliciting orders for books or pictures, gentlemen's shirts, furnishing goods or clothing by sample, groceries to private houses by wholesale or retail, and pedlars of grapes or fish, and all transient dealers in furniture, wagons, carriages or sleighs, whether selling by sample or otherwise, shall take out a license from the burgess and pay the fees hereinafter required before doing or offering to do any business in the said borough.

SECT. 33. The fees for licenses under this ordinance shall be as follows: For book and picture canvassers, one dollar per day, or at the rate of four dollars and one half per week; for grape pedlars, one dollar per day; for pedlars of cut meats, twenty-five dollars per year; for agents selling gents' shirts, furnishing goods or clothing by sample or otherwise, three dollars per day; for fish pedlars, one dollar per day, or ten dollars per year; for furniture dealers, one dollar per day; for dealers in wagons, carriages or sleighs, three dollars per day. This ordinance shall not apply to those persons holding mercantile licenses within the borough, nor to persons resident in the county selling their own farm produce.

SECT. 35. If any person shall be guilty of violating any of the provisions of the foregoing ordinances, and shall be con-

victed of the same, before the burgess or any justice of the peace of this county, he shall be fined in any sum not less than three nor more than ten dollars, with all costs of suit; the same to be collected as similar debts are by law collected.

And for that the said L. F. Geer, on the thirtieth day of September last past, did violate the foregoing ordinance by canvassing from house to house, in the borough of Warren, without a license, for the purpose of selling and soliciting orders for books, and did solicit orders for a book of E. Beeman and other persons, contrary to and in violation of the ordinance aforesaid. Whereby, by force and virtue of the said ordinance, and the acts of assembly in such case made and provided, the said L. F. Geer became liable to pay to the said borough of Warren the penalty of ten dollars, in such ordinance provided. Yet, although being so liable, etc. . . . . .

To this declaration the defendant demurred, that it was not sufficient in law.

After argument the court, Wm. D. Brown, P. J., filed this opinion and judgment:

The declaration avers an ordinance of the borough of Warren requiring every person canvassing from house to house in said borough, for the purpose of selling or soliciting orders for books, etc., to take out a license from the burgess before doing or offering to do any business in the said borough; that the fee for license for book canvassers is four and one half dollars per week. The said ordinance subjects the person violating its provisions, on conviction before the burgess or any justice of the peace of the county, to a fine not less than three nor more than ten dollars, to be collected as similar debts are by law collected, and that defendant has violated the same. The demurrer alleges that the declaration is not sufficient in law.'

After considering the very full and able argument of the counsel for the plaintiff, we find ourselves unable to concur in the conclusions reached therein. We think the ordinance mentioned is void for want of authority in the burgess and council to enact it. We think an ordinance that contravenes a common right is valid only when the power to ordain it is plainly conferred by legislative grant. We are of opinion that neither the act of 1832, nor the act of 1851, nor the act of 1883, confers any authority to make the ordinance on which

the claim in suit rests; and further, that the police power of the borough is not such as to give validity to the ordinance.

The demurrer is sustained, and judgment nil capiat per breve is entered against the plaintiff.

Judgment having been entered upon the demurrer in favor of the defendant, the plaintiff took this writ, assigning the entry of the judgment as error.

*Mr. D. I. Ball* (with him *Mr. C. C. Thompson*), for the plaintiff in error:

1. The power of the borough to enact the ordinance in question is to be found in the common-law power incident to all boroughs as municipal corporations, to make by-laws for their own government not contrary to the law of the land: 1 Bl. Com. 476*; 1 Dill. Mun. C., §§ 12, 141; People v. Bennett, 18 Amer. R. 111; Justice v. Logansport, 101 Ind. 326; Boston Beer Co. v. Mass., 97 U. S. 25; Fertilizing Co. v. Hyde Park Village, 98 Idem 659; Clark v. South Bend City, 44 Amer. R. 14; Northern Liberties v. Gas Co., 12 Pa. 321; Williamsport v. Commonwealth, 84 Pa. 494.

2. That power is also to be found in § 6 of the borough charter, act of April 3, 1832, P. L. 259, and also in the general Borough Law, § 2, pars. I., XI., XXI., act of April 3, 1851, P. L. 320; under which statutory provisions the borough has authority to regulate the employments specified in the ordinance, by requiring a license with or without a license fee: O'Maley v. Freeport Borough, 96 Pa. 24; Commissioners v. Gas Co., 12 Pa. 320; Wartman v. Philadelphia, 33 Pa. 202; 1 Dill. Mun. C., §§ 319, 386, 396, 397. The fee is not a tax, but a license; and so long as the fee is one reasonably calculated to effect the object sought, the licensure is valid as an exercise of police power: Johnson v. Philadelphia, 60 Pa. 445; People v. Marx, 9 Amer. & E. Corp. C. 506; Frankford &c. v. Philadelphia, 58 Pa. 119; Bennett v. Birmingham, 31 Pa. 15; Fisher v. Harrisburg, 2 Gr. 291.

3. The act of May 17, 1883, P. L. 31, seems to be a legislative recognition of the existence of the power claimed.

*Mr. Geo. H. Higgins* (with him *Mr. O. C. Allen*), for the defendant in error:

It is a general and undisputed proposition that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily and fairly implied in or incident to the powers expressly granted; those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable: 1 Dill. Mun. C., §§ 55, 257, 258, 293, 295; Taylor v. Griswold, 2 Green 222; Beatty v. Knowles, 4 Pet. 168; Dunham v. Trustees, 5 Cow. 462.

2. Under the Borough Law of 1851 there is no authority given for requiring a license, especially such as is required by the ordinance in question: Dalrymple v. Wilkes-Barre, 11 Luz. L. R. 41; Commonwealth v. Stodder, 2 Cush. 562; 1 Dill. Mun. C., §§ 250, 293; State v. Ferguson, 33 N. H. 424.

3. Any fair, reasonable doubt concerning the existence of the power is resolved against the corporation: 1 Dill. Mun. C., § 55; Spaulding v. Lowell, 23 Pick. 71; Bangs v. Snow, 1 Mass. 181; Stetson v. Kempton, 13 Mass. 272; Willard v. Newburyport, 12 Pick. 227.

OPINION, MR. JUSTICE GREEN:

There is certainly nothing in the ordinance in question in this case which conflicts either with the constitution of the United States or of the state of Pennsylvania. It is an ordinance which requires every person canvassing from house to house in the borough of Warren for the purpose of selling or soliciting orders for books or pictures or certain other enumerated articles, to take out a license from the burgess for that purpose and pay certain fees therefor. By another provision of the ordinance it is declared that it shall not apply to persons holding mercantile licenses within the borough nor to persons resident in the county selling their own farm produce. The effect of the ordinance would seem to be to subject persons who would otherwise pay no license for the privilege of doing business within the borough, to the duty of paying something for the privilege, when they undertake to exercise it without incurring the expense of a mercantile license. There is surely nothing unreasonable in such a requirement. It is difficult to understand why one portion of the community which engages in the transaction of business in a municipality,

should pay a license fee for the privilege of doing so, and another portion should have practically the same privilege without paying for it, simply because the business is done in a different manner. The argument that it is contrary to common right to require a license fee to be paid in the latter case, and therefore such a requirement is void, proves too much, since the same argument is applicable to the law requiring any license fees to be paid in any case. The only question, therefore, is whether the borough of Warren possesses, either by express grant or necessary implication, the right to enact the ordinance in question. It may well be questioned whether it does not possess the necessary authority under the common law power incident to all boroughs as public municipal corporations; but, however that may be, we are of opinion that, both under the incorporating act of 1832, P. L. 261, and under the general borough law of 1851, the power clearly exists. Section 6 of the act of 1832 gives the council of this borough express power "to enact such by-laws and make such rules, regulations and ordinances as shall be determined by a majority of them necessary to promote the peace, good order, benefit and advantage of said borough, particularly providing for the regulation of the markets, streets, alleys, highways," etc., therein. This power is very broad indeed and practically includes whatever conduces to the benefit and advantage of the borough, and would seem to restrict the limitations upon its exercise to those which require ordinances to be reasonable, and not in conflict with the state or federal constitutions. In addition to this, however, the general borough law of April 3, 1851, § 2, par. XI, P. L. 320, gives to all boroughs the power, "to make all needful regulations respecting markets and market days, the hawking and peddling of market produce and *other articles* in the borough," etc., etc. The peddling of "other articles" besides market produce, includes everything which may be disposed of by the method called "hawking and peddling," and we cannot say that this does not include canvassing from house to house and soliciting orders for books. We certainly cannot make such a presumption upon a mere demurrer which alleges only the insufficiency in law of the declaration. We think the demurrer should have been overruled and the defendant required to answer over.

Judgment reversed and procedendo awarded.