## Commonwealth v. Swank

*E. Eugene Eves*, for appellant.
*John A. Mihalik*, for appellee.

GARDNER, *P. J.*, 44th Judicial District, Specially Presiding, April 25, 1975 — This matter arises as a result of a timely appeal from a summary conviction of appellant, Charles R. Swank, of a violation of Ordinance No. 14 of Sugarloaf Township, Columbia County, Pa. Although this matter normally would be the subject of a de novo evidentiary hearing, an attack on the constitutionality of the ordinance has been made by appellant, and counsel have agreed to submit the consequent legal questions preliminarily. In order to do this, a stipulation was reached between counsel under the terms of which the defense counsel has submitted a motion in support of appeal asserting that the ordinance, which purported to ban mechanical recording of the meetings of the Board of Supervisors of Sugarloaf Township, was not a legitimate exercise of the police power of the township and, further, offended appellant's Fourteenth Amendment protections.

We are also privileged, by the stipulation, to consider pages 65 and 66 of the current minute book of the Township of Sugarloaf on the question of the legislative purpose of the board of supervisors in enacting the questioned ordinance.

The ordinance here involved proscribes the tape recording by any person for any purpose of the meetings of the Board of Supervisors of Sugarloaf Township and provides criminal penalties for violations.

Appellant has filed a brief consistent with his motion described earlier. Appellee's brief contends that the board of supervisors acted to maintain "good government" under the provisions of the Act of May 1, 1933, P.L. 103, art. VII, sec. 702, cl. LXII, added August 27, 1963, P.L. 1280, sec. 1, 53 PS §65762, and that the enactment of the ordi-

nance was an exercise of power reasonably related to the desired objective. To bolster these contentions, appellee syllogistically asserts that, since good government requires orderly meetings attended by an "active citizenry" willing to discuss issues, and since the presence of tape recorders stultifies such participation (or so two out of the three members of the Board of Supervisors of Sugarloaf Township appeared to believe), therefore, the ban on such devices aids "good government."

Courts are loathe to interfere with the administrative and legislative functions of municipal government, particularly in the area of scrutiny of the discretion involved in the exercise of police power. It has been held that such power is "very broad indeed and practically includes whatever conduces to the benefit and advantage of the [municipality]": Borough of Warren v. Geer, 117 Pa. 207, 11 Atl. 415 (1887); that "judicial investigation does not concern itself with the wisdom of the policy . . . or whether the best of all possible means of achieving the desired result has been selected": Boyle Appeal, 179 Pa. Superior Ct. 318, 116 A. 2d 860 (1955). Also, an ordinance is "presumably legal": South Pymatuning Township Appeal, 409 Pa. 324, 186 A. 2d 13 (1962).

But, the ordinance must be reasonable (Borough of Warren v. Geer, supra), and must not operate in an arbitrary, capricious, or discriminatory manner: Bilbar Construction Company v. Easttown Twp. Board of Adjustment, 393 Pa. 62, 141 A. 2d 851 (1958).

We find it interesting to note that the Sugarloaf Township Supervisors stated the purpose of the subject ordinance as "to insure the constitutional

rights of citizens. . . ." This would appear to be the conclusion reached by the board of supervisors, apparently based on the assumed unwillingness of some citizens of the township to attend meetings at which tape recorders were used.

But, surely, persons attending the meetings would have the right to take notes. The next step would be to inquire whether an attending person skilled in shorthand could pursue that skill. Is a tape recorder anything more than an advanced device to the same end?

Further, we do not perceive harm accompanying the use of a taping device at a supervisors' meeting. The decorum requirements, although existent, are not of the same variety or to the same degree of those considered minimal in a courtroom. A judicial proceeding, where the role of the public is that of quiet observer and not participant, is clearly distinguishable. Nor, obviously, is there any property right in the proceedings before a public supervisors' meeting in contrast to a musical or dramatic performance wherein the law protects the performer against plagiarism.

True, a tape may be misused, but that fact, one in common with every other communication device since the alphabet, must not result in restricting its use. The freedom to misuse is the price of an open society, a small price indeed. We think that the subject ordinance is an example of unnecessary restriction, one that is arbitrary and unreasonable. It is invalid.

Appellant has raised a constitutional objection, but in view of the stance previously taken in this opinion, there is no necessity to confront further issues.

## ORDER

And now, April 25, 1975, for the reasons set forth in the foregoing opinion, it is ordered that the ordinance, under the terms of which defendant, Charles R. Swank, was convicted in a proceeding which is the subject of this appeal, being Ordinance No. 14 of Sugarloaf Township, Columbia County, Pa., be and the same is hereby declared an invalid exercise of the general, or police, power of the said township.

It is further ordered that the verdict of this court is "not guilty."