## Hart *versus* Willetts.

62   15
132   75

1. The acts against hawkers and peddlers without license, embrace both foreign and domestic goods, except as to citizens of the Commonwealth peddling their own manufactures.

2. Candy made in New York is not "foreign goods" within the meaning of the Act of April 16th 1840 (Pedlers).

3. "Foreign," in the act, does not refer to goods made in the United States, but those made in a foreign country.

March 9th 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county:* of January Term 1869, No. 122.

The proceedings in this case were commenced before a justice of the Peace by A. Hart, "who sues for himself as well as for the county of Bradford," against H. Willetts. Judgment was rendered by the justice in favor of the plaintiff. The defendant appealed to the Court of Common Pleas. The parties there agreed on the following case stated, which was filed September 7th 1868 :—

"In this case, a capias was issued in a plea for the recovery of the penalty of fifty dollars, under the Act of Assembly of the 16th of April 1840, § 2, Pamph. L. 433.

"The defendant was and is a citizen of the state of New York, and was engaged in travelling from place to place in Bradford county, state of Pennsylvania, with two horses, and a wagon loaded with candy, for the purpose of selling and exposing the same for sale, and did sell said candy immediately preceding and before the bringing of this suit. Said candy was manufactured at Ithaca, in the state of New York, by the employer of said H. Willetts, and was brought by said defendant to the said county of Bradford and sold as aforesaid. It is further agreed that said defendant had no peddler's license issued to him under, or authorized by any law of the state of Pennsylvania.

"If the court should be of opinion that under the circumstances of the case the defendant has incurred the penalty mentioned in

[Hart *v.* Willetts.]

the Act of Assembly, judgment is to be entered for said penalty of fifty dollars against him; otherwise judgment to be entered for the defendant.''

The court (Streeter, P. J.) rendered judgment for the defendant, September 21st 1868.

To this the plaintiff took a writ of error, and assigned the entering of judgment for error.

*U. Mercur* (with whom were *P. D. Morrow* and *G. D. Montayne*), for plaintiff in error, cited Act of April 16th 1840, §§ 1, 2, Pamph. L. 433, Purd. 783, 784, pl. 2, 6; Lonsdale *v.* Brown, 1 W. C. C. R. 148; Harley *v.* Charleston Steam Packet Co., 2 Miles 249, Bouvier's Law Dic. 536; Fisher *v.* Patterson, 1 Harris 338.

*W. Watkins*, for defendant in error, cited Wolf *v.* Clark, 2 Watts 301; Hibler *v.* Hoag, 1 W. & S. 553.

The opinion of the court was delivered, March 15th 1869, by

AGNEW, J.—An examination of the legislation of the state since the year 1830, shows that the acts against hawking and peddling without license, embraced both foreign and domestic goods, wares and merchandise, and the exception made is of citizens of this Commonwealth peddling goods of their own manufacture. It is very obvious that the Act of 16th April 1840, § 2, standing midway in the current of this legislation, dropped the word "domestic" through the inadvertence of the penman or the omission of the transcriber. This is evident, not only from the course of legislation, but also from the proviso in favor of citizens of this Commonwealth peddling goods of their own manufacture, which is wholly useless and unmeaning in the absence of the word domestic. The penalty being directed against hawking and peddling foreign goods, by force of its own terms would not reach the sale of home-made goods, which are domestic only.

We are, therefore, compelled to say, that the learned judge below was right in holding the defendant not to be within the penalty; the candy he peddled, though made in New York, not being foreign goods within the meaning of the statute. The many acts on the subject of hawking and peddling are in *pari materia*, and serve to interpret the word "foreign" in the Act of 1840. Being used correlatively with "domestic," it is very evident the word "foreign" does not include goods made in the United States, but refers to those of a foreign country. Such we know is the common meaning of the term in its application to goods, and we must suppose that the legislature, in the Act of 1840, used that word in its ordinary acceptation, especially as it

[Hart v. Willetts.]

has been so often written in acts on the same subject in contradistinction to domestic goods.

An examination of the original roll of the act proves it to be correctly printed in the pamphlet laws.

The judgment must be affirmed.