## Commonwealth v. Ernst

*Paul R. Beckert,* for Commonwealth.

*William Heefner,* for defendant.

BIESTER, P. J., April 29, 1955.—This matter is before us upon an appeal, erroneously taken to the court of quarter sessions, from the summary conviction of defendant by a justice of the peace for the offense of hawking and peddling without a permit. The case presents a number of procedural irregularities which, had they been properly presented to the court upon certiorari, would have been fatal and warranted the dismissal of the proceedings.

The complaint charges that defendant, Frank Ernst, of 2333 South Street, Allentown, Pa., "did unlawfully, as a hawker, and peddle merchandise namely—Electrolux Sweepers and attachments thereto within the Borough of Perkasie without securing a permit". According to the transcript, the justice found defendant guilty of hawking merchandise which he did not manufacture and imposed a fine in the amount of $50 and costs of suit.

The basis of this action, as it subsequently developed at the hearing before the court upon the above appeal, was the alleged violation of the provisions of a special act of March 22, 1862, P. L. 161, entitled "An Act Relating to Hawkers, Pedlers, and Retailers in the County of Bucks", which act provides, inter alia, as follows:

"That from and after the passage of this act, no person or persons shall sell or expose to sale, within the county of Bucks, as a hawker, pedler or traveling

merchant, any foreign or domestic goods, wares or merchandise, under the penalty of fifty dollars for each and every such offence; and no person or persons shall sell or expose to sale, within the said county, any foreign or domestic goods, wares, merchandise, commodities or effects of whatsoever kind or nature, unless he, she or they shall keep a store, shop, yard, or other fixed place for the purpose, where the same shall be sold, or exposed to sale as aforesaid, under the penalty of fifty dollars for each and every such offence: Provided, That the provisions of this act shall not be construed to apply to persons carrying goods, &c., for wholesale purposes, or to persons vending or disposing of articles of their own growth, produce or manufacture".

According to the complaint, the gist of this action is that the defendant acted as a hawker and peddled "without a permit". A reference to the act discloses that there is no provision contained therein for the issuance of any permit for hawking or peddling of merchandise. Furthermore, there is no reference in the complaint or in the transcript to this special act of assembly, or to any municipal ordinance, providing for a permit for hawking and peddling, which defendant is alleged to have violated. Hence, had this matter been brought properly before the court, we would have been warranted to sustain the exceptions and dismiss the suit.

A further error appeared in the proceedings, in that the Act of 1862 provides for the procedure to enforce a penalty for the violation of its provisions. More specifically, it provides:

"That in any conviction under this act, the defendant may appeal to the Court of Common Pleas for the County of Bucks, by first giving bail absolute for the payment of the penalty, and all costs accrued and legally to accrue, in double the amount thereof, in the

event of final judgment being rendered against such defendant."

Instead of following this procedure, defendant appealed to the court of quarter sessions, which is improper, and had the Commonwealth objected thereto, the court would have been warranted in sustaining the objection and dismissing the appeal. However, since no objection was raised to this appeal and it was agreed by counsel at the argument that the case should be referred to the court of common pleas so that the merits thereof might be passed upon, we agreed to treat this appeal as having been made to the court of common pleas.

The facts, as we find them from the testimony produced in court, insofar as they are pertinent to the issues involved, are briefly and substantially as follows:

Defendant is a full time employe of the Electrolux Corporation, a manufacturing company located in Old Greenwich, Conn., with its principal office in New York City and a number of factory branches located in various cities throughout the country. One of these factory branches is located in Allentown, Pa., out of which office defendant operated. In addition to being the assistant manager of the Allentown factory branch, defendant acts as a salesman, serviceman, and as an instructor of new employes of the corporation. There is no question that defendant is a bona fide employe of the company, as he receives Social Security benefits, which are withheld from his pay, as are his Federal income taxes, and he also shares in a company-pension plan, the cost of which the company equally shares with the employes.

The articles sold by defendant for the corporation are Electrolux cleaners, attachments thereto, and replacement parts therefor, all of which are manufactured by the Electrolux Corporation. The corporation

maintains no retail stores and all of its sales are made by door-to-door salesmen or canvassers, who are employed directly by the corporation and work out of factory offices such as the Allentown branch. The corporation makes a practice of compliance with all local laws or ordinances governing the rights of salesmen on a door-to-door canvass basis.

On August 4, 1954, defendant, Frank Ernst, together with one Donald Frederick Featherman, another recently hired employe of the corporation, arrived in Perkasie and proceeded to the home of Mrs. Mary Foulke. When Mrs. Foulke came to the door, defendant informed her he was advertising the Electrolux cleaner. Mrs. Foulke replied that she had an Electrolux cleaner and that it wasn't working too well, whereupon, defendant stated he would be happy to look at it and perhaps he could fix it. Thereupon, Mrs. Foulke invited defendant into her home and showed him her cleaner. After an examination, defendant ascertained that a new filter pad was needed, whereupon Mrs. Foulke requested him to get a filter pad and also a space knife, which is an attachment for the cleaner. This request for a space knife was entirely unsolicited. The defendant returned to his car, obtained the filter pad and space knife and delivered them to Mrs. Foulke, charging her between $1 and $2 for the articles, after which he returned to his car, where the prosecuting officer awaited him and arrested him.

Although there is no evidence that defendant attempted to sell and deliver to Mrs. Foulke any other articles, or that he made any sales to any other person within the Borough of Perkasie on that day, defendant admitted that his purpose in coming to Perkasie on that day was to solicit sales for Electrolux sweepers and equipment. He stated that, in general, their method in selling was to carry a sample machine, solicit orders

for its sale and, if successful, to deliver the machine on a later date, although in some instances, where the person so solicited desired the machine immediately, they would deliver it forthwith.

Defendant further stated that he knew of no ordinance in the Borough of Perkasie requiring him or any salesman to secure a license or permit to sell merchandise from door-to-door. As a matter of fact, according to the evidence produced in court, there was no such borough ordinance in existence.

A hawker or peddler has been defined in construing this and similar acts as a person who goes from place to place and from house to house carrying and exposing to sale goods, wares and merchandise which he carries; an itinerant, solicitant or vendor of goods who sells and delivers to consumers the identical goods which he carries with him: Ballentine's Law Dict. 577; 39 C. J. S. 784. In Bouvier's Law Dictionary, he is defined as "an itinerant or travelling trader, who carries goods about in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business." The statute, in question, is aimed at this mode of doing business and, according to some authorities, to constitute a peddler he should have no fixed place of dealing but travel around from place to place or from house to house; he should carry his wares with him, and expose them for sale, and not merely carry and show samples of them. He should sell them at the time he offers them and not merely enter into an executory contract for a future sale but should deliver them then and there and not merely contract to deliver them in the future.

Conceding that, under the evidence, defendant was technically guilty of hawking and peddling certain goods to Mrs. Foulke on August 4, 1954, the only question to be determined in this case is whether he comes

within the prohibitory provisions of the Act of 1862, supra, in view of the proviso therein contained. Although this particular proviso has never been brought to the attention of this court, insofar as we have been able to find, similar provisos contained in other special acts prohibiting hawking and peddling, exempting persons vending or disposing of articles of their own growth, produce or manufacture from the provisions of said acts, have been passed upon by the courts and they have uniformly ruled that a person who goes from house to house selling goods and passing the title to the property on the spot, as agent for the firm that manufactures the goods, is not subject to the penalties of the act but is protected by the proviso in the act which exempts persons peddling goods of their own manufacture. Furthermore, this proviso, in favor of the manufacturer, has been extended and protects their agents: Hart v. Willetts, 62 Pa. 15; Commonwealth v. Morgan et al., 6 Pa. C. C. 164; Commonwealth v. Feinburg, 41 Pitts. L. J. 131. As we have already noted, the evidence is uncontradicted that defendant, at the time of the sale of the articles in question, was an employe of the manufacturer of the goods he sold.

Reference was also made in the brief of defendant as to the constitutional questions involved. This matter was not pressed at the argument and, suffice it to say, that the identical question has been passed upon by our Supreme Court in Commonwealth v. Brinton, 132 Pa. 69, in which the court ruled that these statutes, with such restrictive provisions upon the sale of goods, wares and merchandise by hawking and peddling, are not unconstitutional, but are the proper exercise of a police power for the protection of society from the lawless able-bodied wanderer, whose presence in any community is a source of apprehension. See also, Commonwealth v. Gardner et al, 133 Pa. 284; Haller Baking

Co. v. Rochester Boro. et al., 118 Pa. Superior Ct. 501.

It is our conclusion that, under all the circumstances of this case, defendant is exempt from the prohibitory provisions of the Act of 1862 and, therefore, this appeal must be sustained and the proceedings dismissed.

And now, April 29, 1955, defendant's appeal is sustained and judgment is directed to be entered for defendant. The costs are directed to be paid by the County of Bucks.