# The Burgess and Town Council of the Borough of North Wales, Appellants, *v.* Harvey Brownback.

*Borough ordinance—Police regulations—Peddling license.*

A prohibition of unlicensed peddling which operates impartially and without distinction between classes or residents of different civil subdivisions, or of different states, is a proper exercise of police power. There is no substantial distinction between the sale of commodities, with their attendant delivery from house to house and the solicitation of orders to be filled by future delivery.

A borough ordinance which prohibits " all persons selling or offering for sale at retail upon the streets of the borough any goods, wares or merchandise, or any person soliciting orders from house to house for any goods, wares," etc., without payment of a license fee of $12.25 is valid and conforms to all the requirements essential to the validity of such provision as a police regulation.

Argued Dec. 7, 1898. Appeal, No. 123, Nov. T., 1898, by plaintiff, from judgment of C. P. Montgomery Co., Oct. T., 1897, No. 171, in favor of defendant on case stated. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by SMITH, J.

Case stated. Before SWARTZ, P. J.

It appears from the case stated that suit was brought against defendant to recover penalty for violation of an ordinance of the borough of North Wales, which provided for the licensing of all persons selling or offering for sale at retail upon the streets or soliciting orders from house to house for any goods, wares or merchandise in the borough of North Wales without the payment of a license fee of $12.25. Judgment was entered by a magistrate for the amount of $5.00 and costs. It also appears from the case stated that the defendant was a salesman employed by a tea company; that he had been notified by the borough to take out a license under said ordinance; that the said tea company was a partnership having its place of business in the city of Philadelphia, which place of business delivered all goods sold; that it was assessed by the mercantile appraisers for the year 1897 and many preceding years, and had paid the license duty so assessed; that the tea company had no place of

business in the county of Montgomery and that neither they nor the said Brownback, defendant, had taken out a license in the said borough of North Wales. That on the 10th day of September, 1897, the said Brownback, as agent and salesman for said tea company went to the residences of several persons in North Wales to solicit orders from them for tea, coffee and groceries, to be delivered at such residences in two weeks. From several customers he obtained orders and entered the orders in his book for delivery in two weeks. The goods so ordered were packed at the place of business of the said tea company and set apart for the respective purchasers and on the 24th of September, the goods so packed were delivered by the Atlantic & Pacific Tea Company to the said defendant at their place of business in the city of Philadelphia in a delivery wagon, and were driven by him to the borough of North Wales and there delivered to the respective purchasers at their places of residence.

The court entered judgment for the defendant upon the case stated and set aside the judgment rendered before the justice in an opinion reported in 7 Dist. Rep. 324.

Plaintiffs appealed.

*Error assigned* was setting aside the judgment before the justice.

*Montgomery Evans,* with him *James B. Holland* and *John M. Dettra,* for appellants.—The only point at issue is whether or not the borough of North Wales, under the General Borough Act of April 3, 1851, P. L. 320, is authorized to pass such an ordinance as the case stated shows they did enact: Warren Borough v. Geer, 117 Pa. 207; Titusville v. Brennan, 143 Pa. 642.

The method of selling goods pursued by defendant makes him a peddler, as defined repeatedly by our Supreme Court: Borough of Warren v. Geer, 117 Pa. 207; Sharon Borough v. Hawthorne, 123 Pa. 106; Commonwealth v. Gardner, 133 Pa. 284; Titusville v. Brennan, 143 Pa. 642; Sayre Borough v. Phillips, 148 Pa. 482.

The case of Rothermel v. Meyerle, 136 Pa. 250, is a most conclusive authority upon this point: Robbins v. Taxing Dist., 120 U. S. 489.

We say, therefore, this ordinance is binding upon the defend-

ant even though it might not be valid against citizens of other states: Com. v. Dunham, 4 Pa. Superior Ct. 74; Com. v. Harmel, 166 Pa. 89.

*M. M. Gibson,* with him *N. H. Larzelere,* for appellee.—The authorities are abundant that appellee is not a peddler. None of the cases cited applied to a merchant having an established place of business. The following authorities give the general doctrine on that point: 9 Am. & Eng. Ency. of Law, 308, title "Hawkers and Peddlers;" Davenport v. Rice, 39 N. W. Rep. (Iowa) 191; Kansas v. Collins, 34 Kansas, 434; Rex v. McKnight, 10 B. & C. 734.

The progress of the age and the development of means of traffic and communication, have rendered it impossible for municipalities to legislate within the narrow lines of former times without discriminating either against or in favor of some one, resident or nonresident. Broader power has not been given them, and the regulation of trade has always been excepted. Competition is the law of trade, and a borough ordinance cannot erect a Chinese wall against it.

OPINION BY SMITH, J., April 24, 1899:

A prohibition of unlicensed peddling which operates impartially, and without distinction between classes, or residents of different civil subdivisions, or of different states, is held to be a proper exercise of the police power of the state: Com. v. Brinton, 132 Pa. 69; Com v. Gardner, 133 Pa. 284; Com. v. Harmel, 166 Pa. 89. But a prohibition which arbitrarily excepts certain classes, or residents of certain localities, from its operation, is held invalid, as a denial of the equal rights of others: Com. v. Snyder, 182 Pa. 630.

The exercise of the police power directly by the legislature, and by municipalities under legislative authority, stands on the same ground and is subject to the same conditions. "If a statute or municipal ordinance is in reality directed only against certain persons who are engaged in a given business, or against certain communities, in such a manner as to discriminate between the persons who are engaged in the same trade or pursuit, in aid of some at the expense of others, such statute or ordinance is not a police but a trade regulation; and it has no right

to shelter itself behind the police power of the state:" Sayre v. Phillips, 148 Pa. 482. But if the prohibition is directed against the business, by whomsoever undertaken; does not prohibit, but regulates; is reasonable in scope, general in application, and impartial in operation, it meets all the tests of its validity recognized by our Supreme Court: Com. v. Harmel, 166 Pa. 89.

As subjects for regulation under the police power, there is no substantial difference between the sale of commodities, with their attendant delivery, from house to house, and the solicitation of orders to be filled by future delivery. The essentials to the validity of a statute or ordinance for their regulation are the same.

In Warren v. Geer, 117 Pa. 207, it was held that a borough, incorporated under the general borough laws, had power to pass an ordinance requiring persons selling or soliciting orders from house to house, to be licensed. In Titusville v. Brennan, 143 Pa. 642, an ordinance forbidding unlicensed sales or solicitation of orders, except sales by sample to manufacturers or licensed dealers of the city, was sustained. While the Supreme Court of the United States held this ordinance invalid so far as it affected interstate commerce, the Supreme Court of our state has said: "We do not understand that the decision of the Supreme Court of the United States is binding upon our court so far as the Titusville ordinance concerns the citizens of this commonwealth. The ordinance, by reason of the reversal, is inoperative only so far as it affects one soliciting orders for a business house in another state." In Sayre v. Phillips, 148 Pa. 482, an ordinance forbidding unlicensed sales or solicitation of orders, except by residents of the borough, was held invalid by reason of the exception; this being pronounced an attempt to regulate trade in the interest of residents, under pretense of police control. In Shamokin v. Flannigan, 156 Pa. 43, a like ordinance, with an exception substantially similar, was for the same reason held invalid.

In considering the principle that governs prohibitions of this kind, the Supreme Court of our state, in Sayre v. Phillips, supra, said: "The ordinance professes to prohibit all persons from engaging in the business of peddling or selling goods from house to house, by sample or otherwise, without a borough li-

cense, and it fixes the price of a license at a figure that makes it, as it evidently was intended to make, the ordinance, amount to prohibition. So long, however, as it bears upon all persons impartially, it may fairly claim to be a police regulation intended to destroy a business that was regarded as injurious; but at the end of the prohibiting section of the ordinance a proviso may be found which exempts all residents of the borough of Sayre from its operation. This proviso converts the police regulation into a trade regulation. The ordinance, taken as a whole, does not prohibit an injurious business, but an injurious competition. That the resident dealer or peddler may enjoy a larger trade, the non-resident peddler is shut out."

In the case before us, the ordinance provides for the licensing of all persons selling or offering to sell on the streets, or soliciting orders from house to house. It makes no discrimination on any ground, but bears upon all persons impartially. In brief, it conforms to all the requirements which, in the cases cited, have been held essential to the validity of such a provision as a police regulation. As was said in Com. v. Harmel, supra, of the Act of February 6, 1830, P. L. 39, prohibiting the peddling of clocks without license: "It is directed against all persons. It does not distinguish between the citizens of different civil subdivisions of this state, or between citizens of Pennsylvania and those of any other state. It is directed against the business, by whomever undertaken. It does not prohibit the business, but regulates it. The regulation is reasonable, it is impartial in its operation. It is general in its application. It meets the tests required by Millerstown v. Bell, 123 Pa. 151, by Sayre Borough v. Phillips, 148 Pa. 482, and by Welton v. Missouri, 91 U. S. 275."

The argument that the ordinance does not operate uniformly as to all persons, since it discriminates against citizens of Pennsylvania, while inoperative as to nonresidents of the state, and should, therefore, be pronounced invalid, cannot prevail. It must be remembered that "the jurisdiction of a state is co-extensive with its territory; co-extensive with its legislative powers. Its laws and judicial decrees are paramount over persons and property within this jurisdiction. But they have no extra territorial force, and the legal presumption is that they were intended to operate within the limits of the state:" Brew-

ing Co.'s License, 8 Pa. Superior Ct. 141. It follows, there-fore, that in regulating the public business and the affairs of the citizens of this state, the ordinance in question is strictly within the constitutional limitations applicable thereto, and within the powers of our state legislature. If it is injurious to the interests of our own citizens the remedy for its correction rests with the legislature or the borough council.

It is not material here, that the Philadelphia house from which the purchases were made paid a mercantile license tax in that city. This gave them no greater right, under the ordinance, than that enjoyed by licensed merchants of the borough. Moreover, while the salesman is described as an agent, it is quite apparent that the nominal principal dealt wholly with him, and not at all with the several purchasers; that practically he was a middleman, buying of the Philadelphia house and selling to his customers on orders previously obtained. But he and his principal are subject, in common with all others, to the regulation of the business provided for by the ordinance. The objection that this provides for no control or supervision of the business, applies with equal force to the prohibitions which have heretofore been held valid, and cannot well be raised in this instance.

The judgment of the common pleas is reversed, and the judgment of the justice is reinstated, all costs to be paid by the defendant.