## Chambersburg, Appellant, *v.* Porter.

*Municipalities—Police powers—Ordinances — Constitutionality.*

An ordinance prohibiting the solicitation, on the streets of a borough, of tourists, travelers, etc., to patronize hotels, boarding houses, garages, etc., is a reasonable exercise of the police powers conferred on the boroughs.

The borough may enact such regulatory ordinances under the police power in a lawful manner.

Argued October 23, 1923.   Appeal, No. 310, Oct. T., 1923, by plaintiff, from judgment of C. P. Franklin Co., Oct. T., 1922, No. 289, in favor of defendant, in the case of The Burgess and Town Council of the Borough of Chambersburg v. Edward Porter.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Appeal to the court of common pleas from conviction before a justice of the peace. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court held the ordinance void and reversed the judgment of the justice of the peace. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Charles Walter,* of *Walter and Gillan,* and with him *Edmund C. Wingerd,* for appellant.—The ordinance is a valid and proper exercise of the police power: Sayre Borough v. Philips, 148 Pa. 482; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227; Ridley Park v. Light & Power Co., 9 Pa. Superior Ct. 615; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355; Philadelphia v. Brabender, 201 Pa. 574; Ruling Case Law, vol. 19, Section 108.

*O. C. Bowers,* for appellee.—The ordinance is illegal and unconstitutional: Millerstown v. Bell, et al., 123 Pa. 151; Commissioners of Northern Liberties v. The Northern Liberties Gas Company, 12 Pa. 318; Sayre Borough v. Philips, 148 Pa. 482; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227.

OPINION BY LINN, J., December 12, 1923:

On sufficient evidence that on a public street in the Borough of Chambersburg, defendant had twice on the same day solicited persons traveling in automobiles to patronize his garage, in violation of a borough ordinance prohibiting such solicitation, judgment for a penalty within the terms of the ordinance was entered against defendant. He appealed to the common pleas, where the judgment was reversed on the ground that the ordinance was illegal. The borough then appealed to this court.

The ordinance was approved May 1, 1922, and provides:

"Section 1. That no person shall solicit tourists, travelers or other persons to patronize or to do business with any hotel, boarding house, lodging house, garage, or other place for the entertainment of tourists and travelers, upon any of the streets, highways, and other public places within the Borough of Chambersburg.

"Section 2. Any person violating the provisions of this ordinance shall forfeit and pay a penalty of not less than one dollar nor more than ten dollars for each of-

fense, the same to be collected as fines and penalties are now by law collected."

The defendant offered no testimony before the magistrate. In the common pleas, by agreement, the case was heard on the facts stated in the transcript of the magistrate. The record contains no dispute of fact.

The single question here is whether the ordinance is legal. Reasonably understood, it provides that persons on the streets of the borough shall not there be required to attend to parties soliciting patronage for the occupations specified; it is a regulation of the use of the cartway of the street. With the present, general use of the automobile, it is an obvious interference with travel, and not without attendant danger, to require the driver of an automobile,—perhaps in one of a long line of them,— to have his attention diverted by some one stopping him, or attempting to do so, or boarding his car for the purposes prohibited by the ordinance.

In this State, boroughs may enact such regulatory ordinances under the police power: Sayre Boro. v. Phillips, 148 Pa. 482, 488; North Wales Boro. v. Brownback, 10 Pa. Superior Ct. 227, 229; and, by the General Borough Act, are specifically empowered, inter alia, "to make such other regulations as may be necessary for ......convenience, comfort and safety of the borough": Act of May 14, 1915, P. L. 312, 333, chap. 5, art. 1, sec. 2, cl. xvii. The borough therefore, had the power to enact the ordinance.

Considering such power, this court, speaking by Judge ORLADY, in Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355, 368, said: "The only limitation of this power is that it must be exercised in a reasonable, lawful and constitutional manner. If these limitations are not transgressed, courts cannot interfere with the ordinances of the municipality, for to the mayor and council must be left a reasonable discretion, and for the proper and wholesome exercise thereof they are accountable, not to the courts, but to the people whom they represent:

O'Maley v. Freeport, 96 Pa. 24. When the municipal legislature has authority to act, it must be governed, not by our, but by its own, discretion; and we will not be hasty in convicting them of being unreasonable in the exercise of it: Fisher v. Harrisburg, 2 Grant. 291. Nothing but a clear violation of the Constitution,—a clear usurpation of power prohibited—will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void: R. R. Co. v. Riblet, 66 Pa. 164."

The application of that standard, requires us to differ from the conclusion reached by the learned court below. The trial judge said "how the regulation complained of could affect......the convenience, comfort or safety of the borough we cannot understand." The convenience, comfort and safety of the traveler on the highway undoubtedly are affected, if, as he travels along, as already suggested, in an automobile, he must suddenly give his attention to some solicitor darting from, or hailing him from, the footway,—perhaps jumping on his car—for the purpose of inviting his patronage. As it has been held to be for the convenience and comfort of travelers by rail to protect them from annoyance by the importunities of solicitors for hotels, etc., (Williams v. Arkansas, 217 U. S. 79), it is certainly so for travelers by automobile on public streets as now used, and equally for the safety of all having occasion to use the streets.

The learned court below also suggested that the classification of vocations in the ordinance was arbitrary and unreasonably discriminatory, saying: "It is arbitrary in this, that it prohibits the owner of a garage whose place of business is not situated on a principal street to bring his business to the attention of the public." But the prohibition of the ordinance applies to all garage owners, whether on one street or another; none may "bring his business to the attention of the public" in the manner prohibited. We do not understand, by way of illustration, that the ordinance prohibits the advertisement by

lawfully erected signs that a man conducts a hotel, boarding house, or garage at a specified place.

The ordinance was intended to be, and must be, reasonably interpreted. Its obvious purpose was to reduce interference with orderly street travel, in a respect deemed desirable by the local legislative authorities who, in the first instance, were entrusted with that responsibility; there is nothing in the evidence showing that they acted unreasonably; nor has it been shown that the classification by the occupations specified is unreasonable or arbitrary in view of the purpose of the ordinance to regulate travel on the streets: Williams v. State of Arkansas, supra; North Wales Boro. v. Brownback, supra; Phila. v. Brabender, 17 Pa. Superior Ct. 331; 201 Pa. 574.

The order appealed from is reversed and the record is remitted with a procedendo.

ORLADY, P. J., and HENDERSON and GAWTHROP, JJ., dissent.