## Commonwealth v. Rosenbloom.

*James B. Landis*, District Attorney, and *Norman T. Boose*, for Commonwealth.

*H. G. Gress*, for defendant.

BERKEY, P. J., Jan. 28, 1929.—The Town Council of the Borough of Boswell passed an ordinance, approved by the burgess, which reads as follows:

"Be it ordained by the Town Council of the Borough of Boswell, Pennsylvania, and is hereby ordained by the authority of the same, that from and after the passage of this ordinance, all hawkers, venders, peddlers, sellers or persons who canvass from house to house soliciting orders, for the sale by sample or otherwise, of nostrums, medical compounds, patent medicines, wines, beer, or liquors of any kind, or of any other foreign or domestic wares, goods or merchandise of any description whatsoever, shall, before engaging in such business, first procure from the Burgess a license permitting them to do so, and shall pay for every such license the sum of not less than one ($1.00) dollar and not more than fifty ($50.00) dollars for each day."

The undisputed testimony discloses that the defendant, whose place of business is in the City of Johnstown, visited Boswell Borough, going from house to house selling bread from a wagon. In July last, while so engaged, he was charged before the burgess for violation of the ordinance by the conduct above referred to, convicted and fined. The defendant appealed. The question here is whether the ordinance is legal. The legality thereof requires the court to determine (1) whether it is equally directed against all persons; and (2) whether the fees required to be paid are reasonable.

A prohibition of unlicensed peddling which operates impartially and without distinction between classes, or residents of different subdivisions or of different states, is held to be a proper exercise of the police power of the State: Com. *v.* Brinton, 132 Pa. 69; Com. *v.* Gardner, 133 Pa. 284; Com. *v.* Harmel, 166 Pa. 89; North Wales Borough *v.* Brownback, 10 Pa. Superior Ct. 227; Chambersburg *v.* Porter, 82 Pa. Superior Ct. 421.

In this State, boroughs may enact such regulatory ordinances under the police power: Sayre Borough *v.* Phillips, 148 Pa. 482, 488, and Chambersburg *v.* Porter, 82 Pa. Superior Ct. 421, 423; and by the General Borough Act are specifically empowered, *inter alia*, to regulate peddling: Act of May 4, 1927, art. XII, § 1202, cl. 27, P. L. 575.

The ordinance is within the rule laid down by the Supreme Court in relation to ordinances enacted by boroughs, but the matter as to the reasonableness of the fees, when considered in the true light, must be regarded as a prohibition of trade and not a regulation thereof within the meaning and intent of the law. The ordinance concludes with the provision, that "for every such license the sum of not less than one dollar and not more than fifty dollars for each day" shall be paid by the licensee. Assuming there are 300 business days in a year, it provides for an annual license fee of not less than $300 and not more than $15,000. The court takes judicial notice of the

last decennial census, which gives the population of Boswell Borough as being 2168. The ordinance professes to prohibit all persons from engaging in the business of peddling or selling goods from house to house without a borough license, and it fixes the price of the license at a figure that makes, as it evidently was intended to make, the ordinance amount to prohibition. The ordinance as a whole does not prohibit an injurious business, but injures competition: Sayre Borough v. Phillips, 148 Pa. 482, 489. It cannot be sustained, and, therefore, the court enters the following

*Decree.*—Now, Jan. 28, 1929, judgment reversed.

Mrs. Daryle R. Heckman, Somerset, Pa.