## Commonwealth v. McKendry

*F. Arnold Forrest*, for Commonwealth; *James H. Egan*, for defendant.

KNIGHT, P. J., July 14, 1934.—The defendant is an employe of Freihofer Baking Company, a corporation having its principal factory and office in the City of Philadelphia, of which the defendant is also a resident. Freihofer Baking Company sells its products both wholesale and retail. It maintains a num-

384

ber of routes in and about Philadelphia. Each of these routes is served at least once a day, except Sunday, by an employe of the baking company, who drives a truck over the route, making deliveries, taking orders, and soliciting new business. The routes are fixed, the same men serving the same customers day after day. The employe, who receives a salary and commission, drives a truck owned by the baking company and bearing its name. The defendant, McKendry, was employed on a Freihofer route in and through Conshohocken. On June 19, 1933, he was arrested, tried, and found guilty before Burgess John D. Hampton, of Conshohocken, of a violation of the following borough ordinance:

"Section 1. From and after the passage of this ordinance, every person engaged in canvassing from house to house in the Borough of Conshohocken, Pa., for the purpose of selling or soliciting orders for, by sample or otherwise, goods, books, painting, wares, fruit, produce, meats, fish, oysters, pictures, picture frames, looking glasses, clocks, tinware, notions, patents, medicines, bread, milk, ice, oil, or merchandise of any kind, or persons delivering such articles under orders so obtained or solicited, shall be required to produce a license from the burgess to transact such business and before offering to do so shall pay to the borough treasury the following fees: For 1 day, $2, for 1 week, $6, for 1 month, $15, for 3 months, $24, and for 1 year, $35; provided that the provisions of this ordinance shall not apply to sales by traveling salesmen or for supplies to a manufacturer or to farmers selling produce of their farms."

The defendant was fined $50 and costs; whereupon he obtained an allocatur and appealed to this court.

The facts are not in dispute; hence the case was ordered on the argument list and heard by the court en banc.

It is fully admitted that the defendant does go from house to house in the Borough of Conshohocken, for the purpose of selling bread and other bakery products; that he does solicit orders; and does make deliveries under such orders. The defendant is therefore guilty, if he comes within the purview of the ordinance and if that ordinance is a constitutional piece of legislation.

Boroughs are creatures of statute and they have only such powers as the sovereign State has delegated to them. Conshohocken is governed by The General Borough Act of May 4, 1927, P. L. 519, and its supplements. Under this code, it has the right to license auctioneers: section 2901; to license foreign dealers in merchandise: section 2905; to license transient retail merchants: section 2910 (see also section 28 of the Act of June 9, 1931, P. L. 386); to license common carriers: section 2915; and to regulate markets and peddling: section 1202.

Counsel for the borough justifies the ordinance under section 1202 of the borough code and the general police power of the borough.

In Phœnixville Borough v. Eyrich, 42 Pa. Superior Ct. 241, we have a case almost on all fours with the case at bar. The ordinance of the Borough of Phœnixville was very similar to that of the Borough of Conshohocken. The defendant, a local butcher, was charged with continuously making sales from house to house. The court upheld the validity of the ordinance as a valid exercise of the police power of the borough. See also Sayre Borough v. Phillips, 148 Pa. 482; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227, and Chambersburg v. Porter, 82 Pa. Superior Ct. 421.

We are therefore inclined to agree with counsel for the borough that the defendant comes within the terms of the ordinance and that the enactment on its face is valid.

We are of the opinion, however, that the ordinance is unconstitutional for

another reason. It is admitted in the statement of facts and shown by the testimony taken, that the borough does not enforce or make any attempt to enforce the ordinance against bakers having their plants in Conshohocken or, in fact, against any local merchant.

In North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227, a case strongly relied upon by the borough, it is said, at page 230: "But if the prohibition is directed against the business, by whomsoever undertaken; does not prohibit, but regulates; is reasonable in scope, general in application, and impartial in operation, it meets all the tests of its validity recognized by our Supreme Court".

The present ordinance is not impartial in operation as it is administered by the borough authorities.

In Sayre Borough v. Phillips, 148 Pa. 472, it was held that an ordinance prohibiting peddling without a license, but exempting residents of the borough from the operation of the ordinance, was invalid.

What the Borough of Conshohocken cannot do directly, it may not do indirectly. The ordinance, as it is enforced in Conshohocken, is not a police but a trade regulation, designed to benefit the local dealer. A municipal body cannot do under cover what it is prohibited from doing in the open; it cannot by subterfuge circumvent the law.

This has been well settled by the Supreme Court of the United States in the leading case of Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 373, wherein it is said:

"For the cases present the ordinances in actual operation, and the facts shown establish an administration directed so exclusively against a particular class of persons as to warrant and require the conclusion, that, whatever may have been the intent of the ordinances as adopted, they are applied by the public authorities charged with their administration, and thus representing the State itself, with a mind so unequal and oppressive as to amount to a practical denial by the State of that equal protection of the laws which is secured to the petitioners, as to all other persons, by the broad and benign provisions of the Fourteenth Amendment to the Constitution of the United States. Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution."

See also Iowa-Des Moines National Bank v. Bennett, Chairman, et al., 284 U. S. 239, 245, wherein it is said:

"The Iowa court, without denying the lack of power of the State to authorize the discrimination effected, holds that such discrimination does not violate the Federal Constitution because it resulted from the act of private individuals and not of the State. . . . But acts done 'by virtue of a public position under a State Government . . . and in the name and for the State,' . . . are not to be treated as if they were the acts of private individuals, although in doing them the official acted contrary to an express command of the state law. When a State official, acting under color of state authority, invades, in the course of his duties, a private right secured by the federal Constitution, that right is violated, even if the state officer not only exceeded his authority but disregarded special commands of the state law."

This case came to us on appeal, but the parties before the argument court, in a signed stipulation, agreed that the matter might be considered by us as on a case stated.

386

In accordance with that stipulation, we find that the enforcement of the ordinance against the defendant constitutes an unfair and illegal discrimination in favor of other persons similarly engaged, who maintain places of business in Conshohocken Borough, and that the defendant is not guilty; the conviction is set aside and the fine remitted.    From Aaron S. Swartz, Jr., Norristown, Pa.