## Commonwealth v. Male

*Henry V. Scheirer*, for Commonwealth.
*Linn H. Schantz*, for defendant.

IOBST, P. J., June 15, 1942.—This is an appeal from a summary conviction before a justice of the peace upon special allowance of this court. Pursuant to a power granted in paragraph XXXI of section 1502 of The

First Class Township Law of June 24, 1931, P. L. 1206, the Board of Township Supervisors of Whitehall Township (a first class township), on June 24, 1941, enacted the following ordinance:

"An ordinance prohibiting outdoor moving picture exhibitions, outdoor theatres, outdoor vaudeville exhibitions and any other outdoor entertainments which are not transitory and which are for profit, in Whitehall Township, Lehigh County, Pennsylvania.—Be it ordained and enacted by the Commissioners of Whitehall Township, Lehigh County, Pennsylvania, and it is hereby ordained and enacted by the authority of the same: Section 1. It shall be unlawful to establish, set up, exhibit, display, produce, run, conduct, hold, promote, assist, support, etc., any outdoor moving picture exhibition, any outdoor theatre, any outdoor vaudeville exhibition and any other outdoor entertainments which are not transitory in nature and which are conducted for profit, except those which are or may be conducted wholly for charitable purposes, in Whitehall Township, Lehigh County, Pennsylvania".

Then follow the penal clause and a repealer of inconsistent ordinances.

Under clause XXXI of section 1502 of the Act of 1931, supra, the township board of supervisors has power to regulate, license, and prohibit amusements; said clause reading as follows: "Amusements. To regulate, license, and prohibit shows, circuses, sports and amusements of all sorts". Paragraph I of section 1502 of the act now under consideration authorizes the board "To adopt resolutions and ordinances prescribing the manner in which powers of the township shall be carried out, and generally regulating the affairs of the township"; and further, in paragraph II, "To prescribe fines and penalties, not exceeding three hundred dollars in any instance, for the violation of township ordinances. . . ."

At the hearing on the appeal, held on September 27, 1941, testimony disclosed that defendant, Leon M. Male, had been operating an outdoor moving picture theatre in Whitehall Township since June 1940, or approximately one year prior to the passage of the ordinance. Defendant operates the outdoor theatre on a tract of 3½ acres of land for which he pays an annual rental of $140. He made an investment of $3,290 in constructing and equipping the theatre, which was evidently done with the silent approval of the township commissioners, who furnished police protection along the highway adjacent to defendant's place of business, defendant paying the wages of the township police for these services. Defendant while operating his theatre was arrested on July 7, 1941, and was convicted before a justice of the peace of said township on a charge of violating the ordinance in question.

It is to be presumed that the erection of this outdoor theatre in June of 1940 was legal, and particularly not in violation of any township ordinance effective at that time. If this is not a correct presumption there would not have been any reason for the enactment of the ordinance of June 24, 1941. Under the authority of the Act of 1931 the township supervisors had power and authority to enact such an ordinance as is now under consideration. In other words, the legislature has lodged in townships of the first class of this Commonwealth authority for the enactment of ordinances of this character for the maintenance of the peace, good government, safety and welfare of the township—and to inflict penalties provided for any violation thereof. The wisdom of the statutory enactment rested with the legislature and of the enactment of the ordinance with the township supervisors and is not for our consideration.

The ordinance here in question relates to and deals with, as its only subject, the prohibition of a certain class of outdoor amusements for profit. However, we

find one fault in the ordinance. It has a proviso in it which to our way of reasoning makes it invalid. The ordinance declares that no one may set up, conduct, promote or support any outdoor moving picture exhibition, any outdoor theatre, or any other outdoor entertainments for profit excepting those which are transitory. In other words, no one residing within the township can engage in any outdoor entertainment for profit nor can anyone from beyond the township limits legally invest any money in said township for these purposes which are, under said ordinance, declared unlawful; yet transient fly-by-nighters, circuses, vaudevillians, medicine shows, itinerant entertainers, etc., may come at any time into the township with their paraphernalia and equipment, if they have any, receive their profit, and, after a temporary sojourn, move on, leaving the township financially the poorer for such outdoor entertainment. It seems, therefore, that this ordinance is so framed as to discriminate between the people of the township and those who may come along temporarily to engage in a business which is denied to the residents of the township. As framed, the ordinance becomes a discriminatory trade regulation, and therefore is invalid.

In Sayre Borough v. Phillips, 148 Pa. 482, such discriminatory ordinance was held invalid. The only difference between the context of that ordinance and the one under consideration here is that the Sayre ordinance barred outsiders from peddling goods from house to house without a license, and exempted all residents of the borough from its operation, while in the township ordinance now before us, the outsiders, the transients, are favored over against the residents of the township.

We, therefore, conclude that the ordinance enacted by the township authorities as framed is invalid.