## Commonwealth v. Major et al.

H. *Ober Hess*, for Commonwealth.

*Trieste L. Capriotti* and *Wm. O'Donnell*, for defendants.

DANNEHOWER, J., November 23, 1954.—Each one of these four defendants, two engaged in the manufacture and sale of bakery products, and two producing and selling milk and dairy products over established routes in the Borough of Royersford, Montgomery County, Pa., was arrested and convicted before a justice of the peace of violating a borough ordinance for not having paid a license fee of $25 for each vehicle operated upon the borough streets from door to door, as required by borough ordinance no. 235, enacted December 4, 1933, and as amended by ordinance no. 301, enacted January 4, 1954:

"Providing for the licensing of Hucksters, Peddlers, Transient Merchants, Sample Merchants, Fairs, Lectures, Concerts, Theatrical Performances, Circuses or Carnivals, Merry-Go-Rounds, Circular Distributors, etc., in the Borough of Royersford and providing for the collection of the license tax and the penalties for violation thereof."

From said convictions each of the four defendants, paying a fine and costs under protest, has appealed to this court. Since the same questions are involved in each appeal, they were heard together and one opinion will suffice.

Ordinance no. 235 was enacted on December 4, 1933. Ordinance no. 301, passed January 4, 1954, simply amended the previous ordinance by increasing the license fees.

The pertinent parts of these ordinances provide as follows:

"Section 8—Hucksters, vendors or peddlers of provisions, products, fruit, meat, vegetables, oysters, groceries, teas, garden or dairy products, tinware, notions, patent medicines, bread, milk, ice, oil, or any other merchandise of any kind whatsoever along the streets of the Borough of Royersford shall pay to the Burgess, or the Borough Treasurer, the sum of $25 (Twenty-five Dollars) per year for each vehicle and shall obtain this license before engaging in this business; PROVIDED HOWEVER, that any person selling goods or provisions of his, or their, raising or growth shall not be required to take out this license or pay license tax."

### Penalty

"Section VIII. Any person, or persons, violating any of the provisions of this Ordinance, shall forfeit and pay to the Borough for each and every offense the sum of not less than TEN ($10.00) DOLLARS nor more than FIFTY ($50.00) DOLLARS besides all costs of prosecution, to be sued for and recovered as other fines and penalties are now by law recoverable and in default of payment of said fines and costs to be imprisoned in the County Jail for a period not exceeding thirty days."

Each of the four defendants is a resident of Pennsylvania. They have their principal places of business within the Commonwealth of Pennsylvania and only a few miles from the Borough of Royersford. All have regularly established routes within the Borough of Royersford which have been served by them for a number of years. The same driver follows the same route daily. If a customer desires additional goods and the driver has them on hand, he makes the sale. All have their business names on their delivery trucks. A very small proportion of the bakery and milk products sold are not manufactured or produced by defendants.

Each defendant contends he is not a transient retail merchant or peddler and is exempt by the provisions of the Borough Code and the Act of May 9, 1889, P. L. 150; that the borough ordinance is not a valid exercise of the legislative power granted boroughs in the Borough Code of 1927, as amended, nor a valid exercise of the general police power of a borough and that the ordinance, as enforced, is discriminatory and therefore invalid.

With these contentions, we agree. Boroughs are creatures of statutes and have only such powers as the sovereign State has delegated to them. The Borough of Royersford is governed by the General Borough Code of May 4, 1927, P. L. 519, and its supplements. Section 2901 of the code confers upon the borough the right to license auctioneers; section 2905, the right to license foreign dealers in merchandise; section 2910, as amended, the right to license transient retail merchants; section 1202 confers authority to regulate markets and peddling.

None of these defendants is a transient retail merchant in our opinion because such a merchant is one who for a short space of time locates in a city or town and makes sale and delivery of goods as other merchants do; that is, a temporary or itinerant merchant going from place to place with goods for sale. Even if they could be classed as transient retail merchants, they are specially exempted by section 2910 of the General Borough Code of May 4, 1927, P. L. 519, as amended, which provides in part:

"Nothing contained in this act shall be construed to apply (1) to farmers selling their own produce, (2) to the sale of goods, wares, and merchandise, donated by the owners thereof, the proceeds whereof are to be applied to any charitable or philanthropic purpose, or (3) to any manufacturer or producer in

the sale of bread and bakery products, meat and meat products, or milk or milk products."

Neither are defendants peddlers, for a peddler is one who carries about on his person, or in a small vehicle, articles which he endeavors to sell by solicitation to persons in the streets or from door to door. He usually has no fixed place of business, no store, and invades homes, and when wanted for misrepresentations, is out of reach of process. Our bread, meat, or milkmen are not peddlers. Even if they could be called peddlers, under the provisions of the Act of May 9, 1889, P. L. 150, which has not been repealed by the General Borough Code, they would be exempt. This act contains a proviso:

"That this act shall not be construed to prevent citizens of this Commonwealth from hawking and peddling goods of their own manufacture, by themselves or through their authorized agents."

See Haller Bakery Company v. Rochester Borough et al., 118 Pa. Superior Ct. 501 (1935). It has always been the policy of this Commonwealth to protect and encourage manufacturers who are citizens of this State. This is particularly true of our legislation as to hawkers and peddlers.

It is doubtful whether the validity of this ordinance can be sustained as an exercise of the broad police power of the borough. For it to be valid, the courts must be able to see that the enactment has for its object the prevention of some offense, or manifest evil, or the preservation of the public health, safety, morals or general welfare. The mere restriction of liberty or property rights cannot, of itself, be called public welfare and treated as a legitimate object of the police power. The police power embraces the protection of lives, health, and property of citizens, maintenance of good order, and the preservation of good morals. Both bakeries and milk dealers are regulated by the State

for health reasons. We cannot then see how the morals or safety of the citizens could be jeopardized by defendants' manner of doing business by delivering their goods daily to regular customers. The borough may not, under the guise of protecting the public interests, arbitrarily and unreasonably interfere with private business, or impose unnecessary or unusual restrictions upon lawful business.

The Borough Code, as amended by the Act of May 8, 1929, P. L. 1636, sec. 1006, par. III, grants to a borough council power "to enact, revise, repeal and amend such laws, rules, regulations and ordinances, not inconsistent with the laws of the Commonwealth, as it shall deem beneficial to the borough, and to provide for the enforcement of the same".

It would seem that since the Commonwealth's policy generally has been to protect and encourage manufacturers and has specially exempted and excluded manufacturers or producers in the sale of bread and bakery products or milk or milk products from being licensed as transient retail merchants, the Royersford Borough ordinance is inconsistent with the laws of the Commonwealth.

One of the councilmen and a local newspaper man testified at the hearing in effect that when the ordinance was approved it was the "sense of the meeting" that it would not apply to local business men but only to outside vendors. Defendants therefore contend that the ordinance is discriminatory. It is true that this ordinance on its face does not make a distinction between residents and nonresidents of the borough. Yet if in actual administration it is enforced partially in favor of residents and against nonresidents, the court will not lend its aid to such a system of discrimination. The evidence discloses that no license fees have been collected from resident vendors who are in the same business position as defendants (who come from out-

side the borough limits) and that only nonresident vendors have been prosecuted for their failure to obtain licenses. Since this ordinance is not enforced equally and is administered with an unequal hand so as to make unjust and illegal discriminations between persons in similar business circumstances, between residents and nonresidents, it is a denial of equal justice to all and within the prohibition of our Constitution. It, therefore, is not truly a police regulation, for the preservation of the public health, safety, morals or general welfare, but is a trade regulation, intended and designed to benefit the local dealer.

We think an old Montgomery County case, North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227, is in point:

"If a . . . municipal ordinance is in reality directed only against certain persons who are engaged in a given business, or against certain communities, in such a manner as to discriminate between the persons who are engaged in the same trade or pursuit, in aid of some at the expense of others, such . . . ordinance is not a police, but a trade regulation; and it has no right to shelter itself behind the police power of the State. . . . It should be reasonable in scope, general in application, and impartial in operation."

We therefore conclude that these four defendants, who are vendors of bread and bakery products and milk and milk products on established routes with regular customers in the Borough of Royersford, are neither peddlers nor transient retail merchants and even if they could be classed as such, they would be exempt and excluded by the law itself. Even assuming that the ordinance could be validly applied to these defendants, their convictions must be set aside, since the manner of enforcement of the ordinance, and especially against them as nonresident vendors, constitutes

unfair and illegal discrimination in favor of local vendors.

*Order*

And now, November 23, 1954, for the foregoing reasons, each of the defendants are found not guilty, their convictions are set aside and the fines and costs paid under protest are ordered refunded. Costs are to be paid by the Borough of Royersford.